■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE BEHAHLTER, Appellant.— Motion granted to extent that appeal may be prosecuted upon certified copy of judgment roll, certified transcript and five typewritten copies of brief, Victor V. Augustine, Jr., Esq., assigned as counsel, and otherwise motion denied.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLYDE TOLBERT, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— Motion granted to extent that appeal may be prosecuted on original papers, five typewritten copies of brief, and otherwise motion denied.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN LYONS, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent. (B) THE PEOPLE OF THE STATE OF NEW YORK ex rel. RALPH DARLING, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent. (C) THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND C. MILLER, JR., Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent. (D) Matter of LOUIS TIFFANY, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— [In each action] Motion to prosecute appeal as poor person, and for other relief, denied.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALFRED GENCARELLI, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— Motion to prosecute appeal as a poor person, and for other relief denied on the ground that the papers fail to show merit to the appeal, on the authority of *People ex rel. Clemente* v. *Warden* (10 A D 2d 57).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK S. KNOWLES, Appellant.— Motion granted to prosecute appeal on original papers, typewritten briefs, Edgar S. K. Merrell II, Esq., assigned as counsel and time for argument of appeal enlarged to include January 1961 Term.

■ RAYMOND H. SHARP, Respondent, v. CITY OF HORNELL et al., Appellants.— Application for final order of dismissal denied. Order of October 27, 1960 modified to provide that appellants must file and serve record and briefs on or before December 5, 1960, and respondent's brief must be filed and served on or before December 23, 1960 if appeal is to be argued at January 1961 Term.

■ BERNICE LANE, Appellant, v. EPSTEIN'S EDCO PROCESS DRY CLEANERS Co., INC. et al., Respondents.— Motion granted and time for filing and serving records and briefs on appeal extended to December 5, 1960.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. URAN MINING CORP. et al., Appellants.— Motion to dismiss appeal or, in alternative, to argue appeal at November 1960 Term, denied, and case set down for argument on January 5, 1961. Motion of Jordan E. Pappas to intervene in appeal denied.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JIMMIE LEE PAUL, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent. (B) THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW L. STAPLES, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent. (C) THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLARENCE STANLEY BAUM, Appellant, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent.— [In each action] Motion for leave to appeal to the Court of Appeals denied.

■ In the Matter of the DESTRUCTION OF CERTAIN PAPERS FILED in the Office of the Clerk of the Appellate Division, Fourth Department, Pursuant to Section 89 of the Judiciary Law.— Order entered.

■ (A) PHYLLIS H. FEENEY et al., Appellants, v. EDWARD M. ALLEN, Respondent. (B) INDUSTRIAL BANK OF UTICA, Respondent, v. MARY J. WOLCOTT et al., Appellants. (C) In the Matter of the Voluntary Adoption of JEFFREY C. NUTTALL. (D) In the Matter of the Accounting of CLIFFORD LIVINGSTON,

as Executor of WELDON W. LIVINGSTON, Deceased, Appellant. AUDRETTA TROWBRIDGE, Respondent. (E) EDWARD THOMAS, Appellant, v. COUNTY OF WYOMING et al., Respondents. (F) GURNEY, BECKER & BOURNE, INC., Plaintiff, v. BLASDELL STEEL WAREHOUSE, INC., Defendant. (G) CHARLETTE GIAN, Appellant, v. COUNTY OF WYOMING et al., Respondents. (H) ROXIE GIAN, Appellant, v. COUNTY OF WYOMING et al., Respondents. (I) AGNES TOMKINS, as Administratrix of the Estate of MARTHA FANNING, Deceased, Respondent, v. WILLIAM G. WHITFIELD, Appellant. (J) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT WARE, Appellant. (K) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND C. SMITH, Appellant. (L) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM LUCHIE, Appellant. (M) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD J. GREENE, JR., Appellant. — [In each action] Motion granted and appeal dismissed.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN BATTAGLIA, Appellant. (B) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LUTHER BENNETT, Appellant. (C) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR COSTELLO, Appellant. (D) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEE TURNER, Appellant.— [In each action] Case added to November 1960 Term Calendar.

## (December 8, 1960)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE B. JONES, Appellant.— Judgment of conviction unanimously affirmed. Memorandum: It appeared upon the trial that a physician who had attended the complainant shortly after the alleged assault was no longer residing in this State. The People offered in evidence, pursuant to section 374-a of the Civil Practice Act, a written statement made by the physician and filed in the hospital where complainant was examined. The defense consented " to the admission of the hospital record as a record kept in the ordinary course of business " but objected to any medical history, diagnosis or prognosis as being hearsay and opinion evidence and not subject to cross-examination. Thereupon the trial court struck from the exhibit the history given to the doctor by the complainant and the "recommendations" of the physician and received the remainder of the document. In view of the concession of the defendant, we find it unnecessary to pass upon the present contention of appellant that the exhibit as revised was inadmissible. (See, however, *Johnson* v. *Lutz*, 253 N. Y. 124; *People* v. *Kohlmeyer*, 284 N. Y. 366; *Matter of Coddington*, 307 N. Y. 181; *Kelly* v. *Wasserman*, 5 N Y 2d 425.) (Appeal from judgment of Erie County Court convicting defendant of the crimes of sodomy, first degree, and rape, first degree.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT JOHN KOUSCH, JR., Appellant.— Order unanimously reversed and proceeding remitted to Jefferson County Court for a hearing. Memorandum: In May, 1951, defendant was indicted for assault, second degree, with intent to commit the crime of rape. The defendant waived the right to a jury trial and was convicted following a trial before the court. Thereafter the court in an apparent attempt to comply with section 2189-a of the Penal Law directed a psychiatric examination. Of course, pursuant to that section, the report to be submitted by the examiners should have been one including "all facts and findings